NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1397
_____

UNITED STATES OF AMERICA

v.

THADDEUS VASKAS,

                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-12-cr-00128-001)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2015

Before:  HARDIMAN, SCIRICA and BARRY, *Circuit Judges*.

(Filed: January 22, 2015)
_____

OPINION*
_____

HARDIMAN, *Circuit Judge*.

Thaddeus Vaskas appeals the District Court's denial of his motion to withdraw his

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

guilty plea. We will affirm.

I

In November 2007, federal agents executed a search warrant at Vaskas's home in Bethlehem, Pennsylvania, after learning that he had purchased a membership to the child pornography website "Illegal CP." Once inside, agents spotted a laptop computer later found to contain hundreds of images of pre-adolescent and adolescent girls exposing their genitalia and engaging in sexual activity. The computer also contained a folder used by a file-sharing program called "Morpheus" that included, among other things, one completed download and three partial downloads of child pornography videos. These videos bore extremely graphic names, such as "PTHC Tara 8yr - Tara gets molested by a clown.wmv." PSR ¶¶ 16–17.

In March 2012, Vaskas was arrested and charged with one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Vaskas initially moved to dismiss the indictment. He argued that, based on a report by computer forensics expert Tami Loehrs, the content could have been downloaded without his knowledge. Accordingly, the damning evidence on his computer was not proof that he knowingly possessed child pornography. The Government opposed Vaskas's motion to dismiss and moved, under Federal Rules of Evidence 414 and 404(b), to admit his prior conviction for possessing child pornography and his subscription to Illegal CP.

2

In August 2012, the grand jury returned a superseding indictment charging Vaskas with three counts of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of receiving it, in violation of 18 U.S.C. § 2252(a)(2). Vaskas ultimately pleaded guilty to one count of possession. During his guilty plea hearing, Vaskas stated under oath that he understood that he was being charged with one count of knowingly possessing child pornography, and he accepted the Government's recitation of the facts. "Mr. Vaskas, are you pleading guilty here today because you are, in fact, guilty as charged?" the Court asked. "Yes," Vaskas responded. Supplemental App. (SA) 119.

After the Probation Office prepared a Pre-Sentence Investigation Report but before sentencing, Vaskas decided to withdraw his guilty plea. His lawyer then filed a motion to withdraw as counsel, believing that withdrawal of the plea was not in his client's best interest. The District Court granted counsel's motion and appointed new counsel, at which point Vaskas proceeded to file a formal motion to withdraw his plea. The Court held a hearing on Vaskas's motion, during which Vaskas testified that, at the time of the guilty plea, he was aware that Loehrs was conducting a supplemental investigation into whether a computer virus could have put illicit images on his computer, but had not seen the actual report until after his plea. Vaskas said his first lawyer had not shared the report with him and had fired Loehrs without consulting him. "[D]uring the time I pled guilty," Vaskas stated, "I asked about the [second] report. I was led to believe it didn't even exist. . . . And, my lawyer was giving me misleading information by saying that I had no chance to

3

win in the trial, and that his best advice for me was to take the plea." SA 141. Vaskas said the second report clearly showed a virus had put the images on his computer and that he would not have pleaded guilty had he seen that report. Nevertheless, Vaskas declined to introduce the second report into evidence.

The District Court denied Vaskas's motion to withdraw his plea. Judge Bartle noted that Vaskas had looked him "in the eye" and said he was guilty and that he had failed to show "fair and just reason" to withdraw his plea now. SA 168. The Court sentenced Vaskas to 168 months' imprisonment and 15 years of supervised release. Vaskas now appeals.[1]

## II

A guilty plea cannot be withdrawn "on a lark," *United States v. Hyde*, 520 U.S. 670, 676 (1997), and the defendant bears the "substantial" burden of showing "fair and just reason" for the withdrawal, *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003); *see* Fed. R. Crim. P. 11(d). We have made clear that "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) (quoting *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992)).

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review the District Court's ruling on a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Martinez*, 785 F.2d 111, 113 (3d Cir. 1986).

In evaluating a motion to withdraw a guilty plea, we consider (1) whether the defendant asserted his innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reasons for wanting to withdraw. *Brown*, 250 F.3d at 815 (citing *United States v. Huff*, 873 F.2d 709, 711 (3d Cir. 1989)). For the first factor, "[b]ald assertions of innocence" are not enough, *id.* at 818; they must be "buttressed by facts in the record," *id.* (quoting *United States v. Salgado-Ocampo*, 159 F.3d 322, 326 (7th Cir. 1998)). In addition, the defendant must provide sufficient explanation for why he took a contradictory position at his guilty plea hearing. *Jones*, 336 F.3d at 253.

Vaskas claims the District Court abused its discretion in denying his motion to withdraw his guilty plea. He asserts that his first lawyer failed to inform him of a potentially exculpatory expert report, and that he pleaded guilty only because he thought that he had no means of verifying his innocence. But now, he says, he can proclaim his innocence based on an expert report he received after the plea that "allowed for the possibility" that the illicit content on his computer had been downloaded via virus, without his knowledge or consent. Vaskas Br. 15. Vaskas argues that the second report provides a "key piece of information" supporting his innocence, which requires us to vacate his guilty plea and remand his case for trial. *Id.* at 17–18.

We decline to do so. First, Vaskas failed to make a sufficient assertion of innocence. At his guilty plea hearing, Vaskas stated under oath that he knowingly

possessed child pornography on his computer in violation of § 2252(a)(4)(B). *See* SA 99–100, 166–69. Now, Vaskas says he would not have pleaded guilty had he known about another report that "allowed for the possibility" that a virus had put the content on his computer. This is not a profession of innocence. Instead, Vaskas is claiming that he would have gone to trial had he known about the report because he *might* have been acquitted based on its findings. In essence, Vaskas is saying that he misjudged his prospects at trial. And our caselaw makes clear that this is not sufficient to warrant withdrawal of a guilty plea. *See Jones*, 336 F.3d at 252–55; *Brown*, 250 F.2d at 815–16.

Second, Vaskas failed to sufficiently explain why he took two contradictory positions under oath. *See Jones*, 979 F.2d at 318. During his plea colloquy, Vaskas admitted that he knew he possessed child pornography. If anything, the new evidence shows there might be some other reason why the material showed up on his computer. It does not, however, explain why he previously testified that he *knew* he possessed that same material.

## III

For the reasons stated, the District Court did not abuse its discretion in denying Vaskas's motion to withdraw his guilty plea. The order of the District Court will be affirmed.

6