**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1963
_____

UNITED STATES OF AMERICA

v.

THADDEUS VASKAS,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-12-cr-00128-001)
District Judge: Hon. Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 9, 2017
_____

Before: McKEE, RENDELL, and FUENTES, *Circuit Judges*.

(Opinion filed: June 5, 2017)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Defendant Thaddeus Vaskas appeals the denial of his petition for a writ of habeas corpus alleging ineffective assistance of counsel following his guilty plea to possession of child pornography. For the reasons that follow, we will affirm.

**I**[1]

Vaskas was charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) for images and videos found on his laptop computer. Benjamin Cooper represented him at the time of his plea. Cooper hired a computer expert, Tami Loehrs, who issued a report that concluded that Vaskas was likely not responsible for the image and video files on his computer. Specifically, Loehrs's report concluded that all but one of the files "were found in locations that were automatically 'cached' to the hard drive by software applications," "spam," or popups" that were "likely unknown to Vaskas."[2] Overall, the report concluded that the evidence "is more indicative of a user who may have received child pornography unwittingly."[3]

After the government produced a contradictory report, Loehrs issued a second report which concluded that the files were "found in locations automatically 'cached' to the hard drive" and many of the images "were the result of unwanted spam and website

---

[1] Because we write primarily for parties already familiar with this case, we include only those facts necessary to reach our conclusion.

[2] App. 22, 25–26. Loehrs further reported that one file identified by the government as child pornography was found in the downloads folder of the file-sharing program Morpheus, but that Loehrs did not find any evidence that Vaskas searched for, opened, or viewed the file.

[3] App. 22, 25.

redirection associated with the virus activity."[4] Similar to the first report, Loehrs concluded that some of the files "were infected with malicious viruses and Trojans known to . . . download and install malware and fake anti-spyware" and "enabl[e] remote hacking which could lead to unintended computer activity."[5]

When Vaskas pled guilty, he had seen the first report but not the second.[6] After he pled guilty but before sentencing, Vaskas called Loehrs—whom Cooper had since fired and replaced—and learned of the existence of the second report. Vaskas then decided to withdraw his guilty plea, and Cooper withdrew as counsel out of belief that withdrawing the plea was not in Vaskas's best interest. Vaskas's new attorney filed a motion to withdraw the guilty plea and argued that Cooper failed to disclose and discuss the second report with Vaskas. The District Court denied the motion after concluding that Vaskas's plea was knowing and voluntary. Vaskas appealed, and we affirmed.[7]

Vaskas thereafter filed this petition for a writ of habeas corpus under 28 U.S.C. § 2255 alleging that Cooper's assistance was ineffective. The District Court found that the second report "reiterated the conclusion of the first report that Vaskas had done nothing culpable."[8] The Court also noted that Vaskas had "admitted under oath and under penalty

---

[4] App. 77.
[5] App. 77.
[6] Vaskas seems to have been aware that a second report was pending at the time of his plea but did not see the actual report until after he pled guilty. However, Vaskas's level of knowledge about the second report does not affect our result.
[7] *United States v. Vaskas*, 597 F. App'x 701 (3d Cir. 2015).
[8] *United States v. Vaskas*, 2016 WL 1273921, at *2 (E.D. Pa. Mar. 31, 2016).

of perjury that he was in fact guilty."[9] Accordingly, the Court denied the motion based upon its conclusion that Vaskas's prior counsel had not been ineffective.[10] This appeal followed and we granted a certificate of appealability.[11]

## II[12]

To prevail on an ineffective assistance of counsel claim, a defendant must establish two prongs: that counsel's performance was deficient and that performance prejudiced the defendant.[13] Deficient performance is only established when a defendant shows "that counsel's representation fell below an objective standard of reasonableness."[14] Prejudice is only established when a defendant shows "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[15] In the context of guilty pleas, the defendant satisfies the prejudice prong by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going

---

[9] *Id.*

[10] *Id.* at *3.

[11] Though Vaskas also brought a claim against the second attorney for ineffective assistance of counsel, this Court only granted a certificate of appealability for the claim against Cooper.

[12] The District Court had jurisdiction under 28 U.S.C. § 2255. We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. We exercise de novo review over the District Court's legal conclusions and apply a clearly erroneous standard to the court's factual findings. *United States v. Dung Bui*, 795 F.3d 363, 366 (3d Cir. 2015).

[13] *Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[14] *Strickland*, 466 U.S. at 688.

[15] *Strickland*, 466 U.S. at 694.

4

to trial."[16]

Here, Vaskas has not shown that he would have insisted on going to trial had he known about the second report. Despite knowing there was an exculpatory expert report, Vaskas chose to forgo trial and accept the plea agreement.[17] Vaskas asserts that he would not have pled guilty had he known about the second report. [18]  However, as the District Court noted, the conclusion of the second report reiterated the conclusion of the first: "that Vaskas had done nothing culpable."[19] Although the second report included different technical details as to how the images were stored on Vaskas's computer, we agree that the conclusions of the two reports were substantively the same. We therefore agree with the District Court that Vaskas was not prejudiced by Cooper's performance.[20]

---

[16] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[17] In reaching our decision, we do not assume that Vaskas's decision to plead guilty is necessarily probative of his guilt. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *Lafler v. Cooper*, 566 U.S. 156, 185 (2012) (Scalia, J., dissenting) ("[Plea bargaining] presents grave risks of prosecutorial overcharging that effectively compels an innocent defendant to avoid massive risk by pleading guilty to a lesser offense . . . .").

[18] Vaskas also argues that Cooper's assistance was ineffective for failing to inform him of a declaration Loehrs authored between the two reports. Appellant Br. 4. Because the contents of the declaration mirror the second report, this argument fails for the same reasons as discussed.

[19] *Vaskas*, 2016 WL 1273921, at *2.

[20] We also note that Vaskas likely could not demonstrate that Cooper's representation was deficient under *Strickland*. Cooper was only required to provide Vaskas with enough information for Vaskas "to make a reasonably informed decision about whether to accept the plea offer." *See Dung Bui*, 795 F.3d at 367 (quoting *Shotts v. Wetzel*, 724 F.3d 364, 376 (3d Cir. 2013)). He clearly did: He informed Vaskas that there was expert evidence concluding he had no knowledge of the pornographic files on his computer, and Vaskas decided to plead guilty anyway. Cooper's representation therefore likely was not

5

Accordingly, the District Court properly found that Cooper was not ineffective for failing to disclose the second report.

## III

For the reasons stated above, we will affirm the District Court's order denying Vaskas's habeas petition under 28 U.S.C. § 2255.

---

constitutionally deficient merely because he failed to inform Vaskas of a second report that reached the same conclusion as the first one.