NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4235
_____

UNITED STATES OF AMERICA

v.

MARKCUS GOODE,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-11-cr-00204-01)
District Judge:  Honorable Gene E.K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2013

Before:  FUENTES, GREENBERG, and BARRY, *Circuit Judges*.

(Opinion Filed: October 30, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Markcus Goode appeals from the District Court's final judgment of conviction and

sentence and requests a new trial.  Goode raises two issues on appeal: (1) whether the

District Court properly denied Goode's motion to suppress physical evidence obtained

during a vehicle search, and (2) whether the District Court erred in admitting certain testimony at trial. For the reasons that follow, we affirm the District Court's denial of Goode's motion to suppress and affirm the District Court's final judgment of conviction.

## I.    Factual and Procedural Background

On March 31, 2011, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Markcus Goode and three other individuals with participating in a conspiracy to commit bank fraud and aggravated identity theft and with substantive acts of bank fraud and aggravated identity theft. Before trial, Goode, along with co-defendants Promise Mebrtatu and Milan Douglas, filed a motion to suppress physical evidence seized during Vermont state troopers' search of the rental car in which they were traveling.

Co-defendant Goode's niece, Charmaine Mitchell, rented the car in question from Dollar Rental Car, and Goode was driving the car when it was stopped and searched. Promise Mebrtatu, Milan Douglas, and Jessica Randolph were passengers in the car at the time. Neither Goode's name nor any of the passengers' names were listed on the rental agreement.

During the car search, the officers recovered several items related to bank fraud and identity theft, including checkbooks in different names and an envelope containing photocopies of processed checks. The photocopied checks were wrapped around Pennsylvania driver's licenses, and, while the names on the Pennsylvania licenses matched those on the photocopied checks, the license photos were all of Jessica Randolph. Vermont law enforcement also found containers of Krazy Glue, a box of

2

disposable medical gloves, and a bottle of isopropyl alcohol, materials that can be used to produce fraudulent identification cards.

On December 1, 2011, the District Court held a hearing on the motion to suppress evidence recovered during the car search. The Court subsequently denied the motion to suppress in a written opinion. In pertinent part, the District Court held that "Defendants all lack standing to challenge the search of this rental car because none of them was listed on the rental agreement as an authorized driver." App. 105. Additionally, the Court held that the car search followed Goode's voluntarily and freely given consent and that there was probable cause to conduct the search.

At trial, the government presented several witnesses, including law enforcement officers, bank fraud investigators, a fingerprint expert, and individuals recruited by Goode and co-defendant Mebrtatu to conduct the fraudulent transactions. United States Postal Inspector Frank Busch testified about the roles played by participants in typical bank fraud and identity theft schemes. Inspector Busch explained that, in his experience, these schemes typically involve a ringleader who orchestrates the fraud; lieutenants who recruit participants and facilitate the ringleader's requests; and check runners who complete the fraudulent transactions. Defense counsel's only objections to Inspector Busch's testimony went to the relevance of the testimony, and the District Court denied these objections.

After hearing the evidence at trial, a jury convicted Goode of some, but not all, of the 38 counts in the indictment. On November 5, 2012, the District Court sentenced Goode to a total of 126 months imprisonment. Goode timely filed this notice of appeal.[1]

## II. Analysis

### A. Motion to Suppress

On appeal, Goode argues that the District Court erred in denying the motion to suppress evidence seized during the rental car search. As we held in Goode's co-defendant's case, *United States v. Mebrtatu*, No. 12-4300, the District Court correctly concluded that Goode and his co-defendants lacked standing to challenge the car search. *See United States v. Kennedy*, 638 F.3d 159, 165 (3d Cir. 2011). Therefore, we affirm the District Court's denial of the motion to suppress.

### B. Inspector Busch's Testimony

Goode next argues that the District Court erred in admitting Inspector Busch's testimony. Goode asserts, for the first time on appeal, that the government did not provide notice that expert testimony would be introduced, as required under Rule 16 of the Federal Rules of Criminal Procedure. He also asserts, for the first time on appeal, that Inspector Busch delivered inadmissible expert testimony. Because Goode failed to object on these grounds at trial, we apply plain error review.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. "This Court reviews the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercises plenary review of the District Court's application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002). We review for plain error the District Court's decision to admit evidence in the absence of an objection to its admissibility. *See United States v. Rivas*, 493 F.3d 131, 136 (3d Cir. 2007).

To establish plain error, a defendant must show that the "error was clear or obvious under current law" and "affected the outcome of the trial." *United States v. Rivas*, 493 F.3d at 136. "If these requirements are met, we *may* reverse, if the error 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (citing *Johnson v. United States,* 520 U.S. 461, 470 (1997)).

Assuming, without deciding, that the District Court erred in admitting Inspector Busch's testimony, the District Court did not commit plain error because this testimony did not affect the outcome of Goode's trial. Given the overwhelming evidence against Goode, the outcome of his case would have been the same regardless of Inspector Busch's testimony about typical bank fraud and identity theft schemes. Accordingly, Goode has failed to establish plain error, and his conviction shall not be disturbed.

**III.**

For the foregoing reasons, we affirm the District Court's denial of Goode's motion to suppress and affirm the District Court's judgment.