**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3641
_____

UNITED STATES OF AMERICA

v.

MARKCUS GOODE,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-11-cr-00204-001)
District Judge: Honorable Gene E. K. Pratter
_____

Argued July 17, 2018
_____

Before:  McKEE, VANASKIE, and SILER, Jr.,[*] *Circuit Judges*

(Filed: September 24, 2018)


Matthew Stiegler, Esq. [ARGUED]
Suite 2
7145 Germantown Avenue
Philadelphia, PA 19119
        *Counsel for Appellant*

Robert A. Zauzmer, Esq. [ARGUED]
K.T. Newton, Esq.
Office of United States Attorney

_____

        [*] The Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the Sixth Circuit
Court of Appeals in Kentucky, sitting by designation.

615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
    *Counsel for Appellee*

_____

OPINION**

_____

VANASKIE, *Circuit Judge.*

Appellant Markcus Goode appeals the District Court's denial of his *pro se* Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255. The District Court rejected Goode's argument that his trial counsel was ineffective for failing to challenge the imposition of three consecutive sentences under 18 U.S.C. § 1028A. Because we find that Goode has failed to demonstrate prejudice, we will affirm.

**I.**

On March 31, 2011, a grand jury in the United States District Court for the Eastern District of Pennsylvania returned a thirty-eight count indictment against Goode and other co-defendants stemming from a nearly two-year scheme to commit bank fraud at several different banks. The indictment contained one count of conspiracy to commit bank fraud and aggravated identity theft, in violation of 18 U.S.C. § 371, six counts of the substantive act of bank fraud, in violation of 18 U.S.C. § 1344, and thirty-one counts of the substantive act of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Following a trial, Goode was convicted of the conspiracy count, five counts of bank fraud, and twenty-five counts of aggravated identity theft (Counts 8 through 20, 24, 25, 28 through 34, and 36 through 38). Of the aggravated identity theft counts, twenty-three counts were associated with Citizens Bank (Counts 8 through 13, 16 through 20, 24, 25, 28 through 34, and 36 through 38), one count with Beneficial Bank (Count 14), and one count with First Niagara Bank (Count 15). At sentencing, the District Court grouped Goode's conspiracy and bank fraud counts, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 3D1.1 and 1.2(d), while declining to group the aggravated identity theft counts on the ground that each one carried a two-year term of imprisonment to run consecutive to any other punishments. Goode's base offense level was eight, and the District Court added twelve levels for the attempted loss amount and an additional four levels on the ground that Goode was "an organizer and leader of the conspiracy" that involved "five or more participants." (App. at 78.)

The District Court determined that, pursuant to the Guidelines, Goode faced 46 to 57 months' imprisonment on the grouping of the conspiracy and bank fraud counts, and "perhaps as many as [twenty-five] mandatory consecutive two-year terms" for the twenty-five aggravated identity theft counts, subjecting him to a possible imprisonment range of 70 to 657 months. (Id. at 78-79.) Neither counsel for Goode nor the government objected to the Guidelines calculation. The government requested a sentence at the top of the Guidelines range for the conspiracy and bank fraud counts, and at least three consecutive 24-month sentences on the aggravated identity theft counts, citing the seriousness and type of the crime, the numerous victims, Goode's particular involvement

3

as the ringleader, and his illegal contact with co-defendants during the proceedings. (*Id.* at 115-117.)

The District Court then considered the relevant sentencing factors pursuant to 18 U.S.C. § 3553(a), including Goode's role in the scheme, his lack of interest as the government read the victim impact letters, and his personal history and characteristics. The District Court ultimately sentenced Goode to 126 months' imprisonment, which included three consecutive terms for three aggravated identity theft counts stemming from his conduct at Citizens Bank—Counts 8, 9, and 10.

Goode timely appealed his judgment of conviction. We affirmed. *See United States v. Goode*, 550 F. App'x 84, 86 (3d Cir. 2013). Goode then petitioned for a writ of certiorari to the United States Supreme Court, which was denied. *See Goode v. United States*, 134 S. Ct. 2291 (2014).

Goode subsequently filed a *pro se* § 2255 motion, which he later amended, arguing that his trial counsel was ineffective for failing to object to the imposition of the three consecutive sentences for the aggravated identity theft counts. He contended that such sentences violated the Multiple Punishment provision of the Double Jeopardy clause because they "were charged in connection with a single predicate offense – bank fraud." (Supp. App. at 9.) According to Goode, if his trial counsel had objected at sentencing, he would not have received consecutive sentences on these counts.

The District Court denied Goode's § 2255 petition and declined to issue a certificate of appealability. Goode timely appealed, and we granted a certificate of appealability "as to Goode's claim that counsel performed ineffectively by failing to

4

argue that his multiple convictions and sentences for aggravated identity theft violated his double jeopardy rights." (App. at 4) (citing 28 U.S.C. § 2253(c)).

## II.

The District Court had jurisdiction over Goode's post-conviction motion under 28 U.S.C. § 2255, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). "[W]e exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." *United States v. Bui*, 795 F.3d 363, 366 (3d Cir. 2015) (citation omitted).

## III.

The Sixth Amendment guarantees the right to a fair trial, which includes "[t]he right to counsel." *Strickland v. Washington*, 466 U.S. 668, 685 (1984). A claim for ineffective assistance brought by a criminal defendant has two required showings; "[f]irst, the defendant must show that counsel's performance was deficient," which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." (*Id.* at 687.) "Second, the defendant must show that the deficient performance prejudiced the defense. . . ." (*Id.*) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." (*Id*. at 697).

Goode argues that, here, "[t]he error arose because all three of the § 1028A sentences that the court ran consecutively involved the same bank [Citizens Bank] and

5

thus arose from the same predicate offense." (Appellant's Br. at 18.)[1] Nonetheless, Goode concedes that, even if he could not be sentenced to three consecutive terms on Counts 8, 9, and 10 involving Citizens Bank, he *still* could have received three consecutive sentences on counts that span three different banks. Thus, even under Goode's line of reasoning, his claim still fails because he could have received the same sentence, albeit fashioned in a different way. Additionally, we note the sentencing transcript also reflects the judge's careful consideration of the relevant factors, including Goode's central role in the bank fraud scheme, his lack of empathy, and his personal history and characteristics. We thus hold that Goode cannot show that his trial counsel's alleged error in failing to object to the imposition of three consecutive § 1028A sentences on Counts 8, 9, and 10 prejudiced him.

## IV.

For the reasons stated, we will affirm the District Court's Order denying Goode's § 2255 motion.

---

[1] In *United States v. Diaz*, 592 F.3d 467, 473-74, 75 (3d Cir. 2010), we held that 18 U.S.C. § 924(c) did not permit imposition of consecutive sentences for multiple uses of a weapon during a single predicate crime. Goode argues we should interpret 18 U.S.C. § 1028A synonymously with 18 U.S.C. § 924(c) and prohibit the imposition of consecutive sentences for multiple instances of aggravated identity theft at a single bank. We need not reach this argument because, even assuming its merit, Goode has failed to demonstrate prejudice.