PRECEDENTIAL


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____


No. 11-3795
_____


UNITED STATES OF AMERICA


v.


DUNG BUI
a/k/a
DANNY BUI


Dung Bui,
                    Appellant
_____


APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA
(D.C. Crim. Action No. 5-08-cr-00427-002)
District Judge: Honorable Legrome D. Davis
_____


Submitted Under Third Circuit LAR 34.1(a)
June 26, 2014
_____

Before: McKEE, *Chief Judge*, and FUENTES, and
GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: August 4, 2015)

Frank A. Labor, III, Esquire
Emily McKillip, Esquire
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

          Counsel for Appellee


Maria K. Pulzetti, Esquire
Brett G. Sweitzer, Esquire
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106

          Counsel for Appellant

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Dung Bui ("Bui") appeals from the District Court's order denying his petition seeking habeas corpus relief, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, we find that Bui's trial counsel provided ineffective assistance. Therefore, we will grant Bui's petition, vacate the District Court's order, and remand the case for further proceedings consistent with this opinion.

## I.    **Background Facts**

This matter originated as an investigation into a conspiracy involving the cultivation and distribution of marijuana. Drug Enforcement Administration ("DEA") agents executed a search warrant at multiple residences in the Reading, Pennsylvania area. Agents arrested Bui at 1307 Lorraine Road, Reading, Pennsylvania based on his involvement in the conspiracy. After his arrest, Bui "admitted to the agents that the only reason they purchased that house was to . . . convert it into a marijuana grow factory . . . ." (J.A. 230)

Bui was indicted on four drug-related counts: (1) conspiracy to manufacture more than 1,000 marijuana plants, in violation of 21 U.S.C. § 846; (2) manufacturing, as well as aiding and abetting the manufacturing, of more than 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (3) using the house at 1307 Lorraine Road to manufacture and to distribute marijuana, pursuant to 21 U.S.C. § 856(a)(1); and (4) manufacturing and distributing marijuana "within 1,000 feet of the real property comprising Hampden Park, Reading, Pennsylvania, an athletic field

owned and operated by the Reading School District," (J.A. 33), in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2.

Bui pled guilty to counts one and four as part of a plea agreement. The plea agreement detailed the statutory maximum sentences as well as mandatory minimum sentences. In the plea agreement, the parties also stipulated that the property at 1307 Lorraine Road "was located within 1000 feet of Hampden Park, an athletic field owned and operated by the Reading School District, and therefore the defendant's base offense level should be increased two level[s] pursuant to U.S.S.G. § 2D1.2(a)(1) . . . ." (J.A. 45.)

According to Bui, he pled guilty because his counsel told him he would receive a reduced sentence by doing so. Not only did Bui assert counsel told him about the possibility of a lower sentence if he pled guilty, he stated that both before and after the guilty plea, his counsel told other family members that Bui was eligible for a reduced sentence pursuant to the "safety valve."[1]

Consistent with these statements, prior to the sentencing hearing, Bui's counsel filed a motion, pursuant to 18 U.S.C. § 3553(f), seeking a sentence reduction. At the sentencing hearing, counsel withdrew this motion, explaining that *United States v. McQuilkin*, 78 F.3d 105 (3d Cir. 1996) established that § 3553(f) did not apply to convictions under 21 U.S.C. § 860. Bui was sentenced to the mandatory minimum of 120

---

[1] Generally, 18 U.S.C. § 3553 is referred to as the "safety valve" provision.

4

months of imprisonment and 120 months of supervised release.[2]

In his pro se habeas petition, Bui raises multiple claims. He argues that: (1) his guilty plea was not voluntary or knowing because it was induced by the misrepresentations of his counsel; (2) his counsel's erroneous advice on the safety valve provision constituted ineffective assistance; (3) the District Court erred by accepting Bui's guilty plea, because there was a lack of factual support with respect to whether Hampden Park was a school; and (4) his counsel also provided ineffective assistance by failing to explain the factual predicate for violation of § 860(a).[3]

---

[2] Bui did not file an appeal of his sentence.

[3] Bui's habeas petition focused on the argument that Hampden Park is not a playground. In its response, the government stated that "[t]he indictment does not allege that Hampden Park is a playground." (Appellee Br. 15 n.1.) Instead, the government noted that the athletic fields at Hampden Park are used as part of Reading High School and thus comprise part of the school, regardless of the ownership issue. In his reply, Bui argued that Hampden Park could not qualify as school property because the land was jointly owned between the City of Reading and the Reading School District. Now, on appeal, Bui's argument focuses solely on the fact that Hampden Park is not real property comprising Reading High School because of its joint ownership. He claims that, had his attorney explained the nature of Hampden Park and the elements of § 860, he would not have pled guilty.

The District Court found that Bui's guilty plea was knowing and voluntary. Thus, the collateral-attack waiver provision of the plea agreement was enforceable. As to the ineffective assistance of counsel claim, the District Court held that the "exhaustive change of plea hearing remedied any alleged errors committed by Bui's counsel . . . ." (J.A. 9.) Therefore, the District Court ruled that Bui failed to demonstrate any prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984). The District Court also held that Hampden Park qualified as a school "under the broad language of § 860(a) . . . ." (J.A. 10.) The District Court did not hold an evidentiary hearing, stating that "the record conclusively shows that Bui is not entitled to relief for all the reasons discussed . . . ." (J.A. 11.)

Our Court granted Bui's request for a certificate of appealability on the issue of "whether Bui's attorney committed ineffective assistance by advising him to plead guilty to 21 U.S.C. § 860, and whether, if Bui's counsel [had] provided ineffective assistance, the collateral waiver in Bui's plea agreement is enforceable as to that claim."[4] (J.A. 13.) Upon granting the request for Bui's certificate of appealability, our Court appointed counsel for Bui. Bui's appointed counsel sought to withdraw based on his view that there were no nonfrivolous issues to appeal, pursuant to *Anders v. California*, 386 U.S. 738 (1967). We permitted counsel to withdraw from the case, but appointed new counsel to represent Bui.

---

[4] The Government has not sought to enforce the collateral waiver, acknowledging that "Bui's appeal rises or falls on the basis of his claim that he should be relieved of his guilty plea, which included the waiver." (Appellee Br. 5.)

## II.    Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 2255.  We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.  "In a federal habeas corpus proceeding, we exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings.  We review the District Court's denial of an evidentiary hearing in a *habeas* case for abuse of discretion."  *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (internal citations and quotations omitted).

## III.    Analysis

Bui argues that his counsel provided ineffective assistance by incorrectly advising him about the availability and applicability of the safety valve sentencing provision and by failing to advise him about available defenses to the § 860 enhancement due to the existence of debatable evidence with respect to the question of Hampden Park being a school.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test to evaluate ineffective assistance of counsel claims.  The first part of the *Strickland* test requires "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687 (internal citations omitted).  The second part specifies that the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  We have reasoned that "there can be no Sixth Amendment deprivation of

effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

The year after deciding *Strickland*, the Supreme Court slightly modified the prejudice prong of the *Strickland* test in connection with guilty pleas. *See Hill v. Lockhart*, 474 U.S. 52 (1985). "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59 (internal quotations omitted). The Court has re-emphasized that "[d]efendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

When addressing a guilty plea, counsel is required to give a defendant enough information "'to make a reasonably informed decision whether to accept a plea offer.'" *Shotts v. Wetzel*, 724 F.3d 364, 376 (3d Cir. 2013) (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)), *cert. denied*, 134 S. Ct. 1340 (2014). We have identified potential sentencing exposure as an important factor in the decisionmaking process, stating that "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." *Day*, 969 F.2d at 43. In order to provide this necessary advice, counsel is required "to know the Guidelines and the relevant Circuit precedent . . . ." *United States v. Smack*, 347 F.3d 533, 538 (3d Cir. 2003). However, "an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where . . . an adequate plea hearing was conducted." *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007).

Here, the record clearly indicates Bui's counsel provided him with incorrect advice regarding the availability of a sentencing reduction, pursuant to § 3553(f). In addition to Bui's statements regarding counsel's representations to him, there is the fact that counsel filed a motion pursuant to § 3553(f), the basis for which he apparently did not research until immediately before the sentencing hearing. (J.A. 204.) That research revealed our longstanding precedent that § 3553(f) does not apply to convictions under § 860. Counsel's lack of familiarity with an eighteen-year-old precedent and his erroneous advice based on that lack of familiarity demonstrate counsel's performance fell below prevailing professional norms required by *Smack* and *Strickland*. *See Hinton v. Alabama*, 134 S. Ct. 1081, 1089 (2014) ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*.").

Unlike the majority of guilty plea cases, the District Court's plea colloquy here did not serve to remedy counsel's error. Rather than correcting counsel's mistaken advice, several statements that the District Judge made during the plea colloquy serve to reinforce counsel's incorrect advice. For example, the District Judge stated that "[i]f I determine to apply the Guidelines in your case, the Sentencing Guidelines permit me to depart upwards or downwards under some circumstances . . . ." (J.A. 121-22) Additionally, the District Judge asked Bui if he understood that "[his] attorney and the Government attorney can agree on facts and they can make recommendations and motions and requests of me at the time of sentencing, but I don't have to do what they ask me to do . . . ." (J.A. 125.) Further, the District Court stated "there is a

9

mandatory minimum term of ten years for that offense which means that unless certain things happen, I will have no choice but to give you a sentence of not less than ten years in prison on Count 1." (J.A. 85.)  With regard to the other count of conviction, the District Court similarly stated "[t]here is a similar mandatory minimum term of ten years imprisonment which I must give you for Count 4 unless certain things occur." (J.A. 87.)

These statements, albeit reasonable and accurate statements under normal circumstances, are problematic here. Any statement by the District Court about sentencing discretion creates confusion here because the mandatory minimum would limit the exercise of its discretion.  Further, these statements indicating the District Court had discretion to vary from the mandatory minimum serve to reinforce the erroneous advice provided by counsel regarding the availability of the safety valve reduction.

During the proceedings, the District Judge never stated that Bui was ineligible for the safety valve reduction due to his decision to plead guilty to the §860 offense.  Although the District Judge did correctly inform Bui that "I could award you two terms of life imprisonment but I must award a mandatory minimum of ten years imprisonment" (J.A. 119), this single sentence did not serve to overcome the erroneous advice of counsel in light of the other statements supporting counsel's advice.  Thus, Bui has satisfied the first prong of the *Strickland* test.

Bui has also satisfied the second prong of the *Strickland* test by asserting that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hill*, 474 U.S. at 59. In addition to Bui's statement that he would not have pled guilty, logic supports his assertion. If Bui were unable to benefit from a safety valve reduction, he would have gained no benefit from his plea agreement. Although the Government agreed to drop counts two and three, these charges were lesser-included offenses, the elimination of which did not impact Bui's sentencing exposure. Bui has demonstrated prejudice, thus satisfying the second prong of the *Strickland* test.[5]

Since we conclude that Bui's counsel was ineffective with respect to his advice regarding the applicability of § 3553(f) and are thus granting his habeas petition on that ground, we need not address Bui's second claim — that counsel was ineffective for failing to investigate the factual basis for the § 860 offense. *Cf. Smith v. Horn*, 120 F.3d 400, 403-04 (3d Cir. 1997). We do note that it appears, based on the extensive arguments set forth by counsel on appeal, that both factual and legal issues exist as to whether Hampden Park is "real property comprising a public . . . secondary school . . . ." 21 U.S.C. § 860(a). We leave the resolution of these questions to the District Court to address on remand.

## IV.    Conclusion

On the facts before us, we conclude there is a reasonable probability that, but for counsel's errors, Bui

---

[5] Given the evidence available on the record before us, we do not believe remand for an evidentiary hearing is required. 28 U.S.C. § 2255(b).

11

would not have pled guilty.  We will grant Bui's habeas petition, vacate the District Court's order, and remand the case for further proceedings consistent with this opinion. Upon remand, the District Court shall determine whether Hampden Park is properly classified as real property comprising a school.