BLD-051                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3282
_____

UNITED STATES OF AMERICA

v.

DUNG BUI, a/k/a Danny Bui

Dung Bui,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 5-08-cr-00427-002)
District Judge: Legrome D. Davis

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 22, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 5, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dung Bui appeals from an order of the District Court dismissing with prejudice his pro se motion seeking adjudication of his fee dispute with his former defense counsel. For the reasons that follow, we will summarily affirm.

Bui pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to conspiracy to manufacture more than 1,000 marijuana plants, in violation of 21 U.S.C. § 846; and manufacturing and distributing marijuana within 1,000 feet of the real property comprising Hampden Park, Reading, Pennsylvania, an athletic field owned and operated by the Reading School District, in violation of 21 U.S.C. § 860(a). Prior to the sentencing hearing, Bui's counsel, Richard J. Giuliani, filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3553(f) (providing for sentence lower than mandatory minimum in certain cases). At the sentencing hearing, however, counsel withdrew this motion, explaining that our decision in United States v. McQuilkin, 78 F.3d 105 (3d Cir. 1996), prevented the application of the § 3553(f) safety valve to convictions under 21 U.S.C. § 860(a). Bui was sentenced to the statutory minimum term of imprisonment of 120 months, and he did not appeal. The matter was reassigned to the Honorable Legrome D. Davis in June 2010.

On October 20, 2010, Bui filed a motion to vacate sentence, 28 U.S.C. § 2255, alleging that Giuliani was ineffective in advising him that he would be eligible for relief from the mandatory minimum sentence under 18 U.S.C. § 3553(e) if he pleaded guilty to violating § 860(a), and that the trial court erred by accepting his guilty plea where there was a lack of factual support that Hampden Park was a school, among other issues. In an order entered on September 15, 2011, the District Court denied the § 2255 motion

2

without a hearing. Bui appealed and we granted his request for a certificate of appealability. On October 20, 2014, we held in a precedential decision, see United States v. Bui, 769 F.3d 831, amended and superseded, 795 F.3d 363 (3d Cir. 2015), that the trial court's Rule 11 colloquy did not overcome Giuliani's erroneous advice regarding the availability of the safety valve reduction, id. at 368.[1] On remand, Bui was permitted to withdraw his guilty plea to the § 860(a) violation and that charge was dismissed. The parties stipulated to a sentence reduction on the § 846 violation from 120 months to 102 months. On October 28, 2015, the District Court sentenced Bui to a term of imprisonment of 102 months; with credit for time served he was released from prison about three weeks later. Bui did not appeal the amended criminal judgment, which was entered on the criminal docket on October 30, 2015.

At issue in this appeal, on July 21, 2016, Bui filed a motion in the District Court. seeking adjudication of his fee dispute with attorney Giuliani. Bui alleged that he had repeatedly demanded the return of money his family had paid to Giuliani -- in the form of two $10,000 retainers -- but Giuliani had declined to return any portion of the retainer. In support of his argument, he cited the Court of Appeals for the Second Circuit's decision in Garcia v. Teitler, 443 F.3d 202, 207-09 (2d Cir. 2006), which held that federal courts have jurisdiction to address attorney fee disputes in criminal cases, not just in civil cases. Bui acknowledged, however, that he had previously filed a civil complaint against

---

[1] We further noted that it appeared that both factual and legal issues existed as to whether Hampden Park was a school under § 860(a), but left resolution of that issue to the District Court to address on remand. Id.

Giuliani in the Philadelphia Common Pleas Court; he stated that his lawsuit was dismissed with prejudice.

In an order entered on July 25, 2016, the District Court denied Bui's motion to adjudicate the fee dispute, declining to exercise ancillary jurisdiction. Citing Peacock v. Thomas, 516 U.S. 349, 359 (1996), the District Court noted the limits of ancillary jurisdiction, and, citing our decision in Ambromovage v. United Mine Workers of America, 726 F.2d 972, 989 (3d Cir. 1984), the Court reasoned that whether it should exercise jurisdiction over Bui's state-law contract claim depended specifically on whether there was "a common nucleus of operative fact" between the state breach of contract claim at issue and the federal issues. Applying these cases, the Court determined that the fee dispute and Bui's criminal case were not sufficiently factually interdependent to warrant the exercise of ancillary jurisdiction over the fee dispute.

Bui appeals. We have jurisdiction under 28 U.S.C. § 1291. In his pro se brief, Bui argues that Giuliani failed to perform according to accepted professional standards, that his family's retainer should be returned, and that ancillary jurisdiction is proper where a client's fee dispute with his lawyer is based on the proven fact that the lawyer provided the client with ineffective assistance of counsel in the underlying criminal case. After Bui filed his opening brief and appendix, the Government filed a motion, seeking to be excused from filing a responsive brief on the ground that it had no stake in the outcome of the fee dispute between Bui and his former attorney and was not a party to that contractual relationship.

4

We will grant the Government's motion and dispense with the requirement to file a responsive brief, and we will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. "We exercise de novo review over questions of subject matter jurisdiction." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). The doctrine of ancillary jurisdiction permits a federal court to exercise jurisdiction over a matter the court usually lacks power to adjudicate, "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 379-80 (1994) (citations omitted). "The basis of the doctrine of ancillary jurisdiction is the practical need 'to protect legal rights or effectively to resolve an entire, logically entwined lawsuit.'" Peacock, 516 U.S. at 355 (quoting Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 377 (1978)).

The District Court correctly declined to exercise ancillary jurisdiction over Bui's fee dispute with his former attorney. We agree with the District Court that Bui's fee dispute arises under state law and concerns the terms of his (or his family's) representation agreement with attorney Giuliani, such that sufficient factual interdependency with the criminal matter is absent here. Moreover, as the District Court noted, Bui's criminal case is now closed. He did not present the fee dispute claim to the District Court until more than seven months after the amended criminal judgment became

5

final.  In <u>Novinger v. E.I. DuPont de Nemours & Co.</u>, 809 F.2d 212, 217 (3d Cir. 1987), we held that the court properly exercised ancillary jurisdiction over a contingent fee dispute between the plaintiffs and their counsel in a personal injury action after the court directed new counsel to take over the case, but we reasoned that, without ancillary jurisdiction, the court could neither dispose of the principal case effectively nor do complete justice in the dispute.  <u>Id.</u> (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3523, at 85).  <u>See</u> <u>also</u> <u>Garcia</u>, 443 F.3d at 208 (court properly exercised ancillary jurisdiction over fee dispute between defendants and counsel discharged for cause in ongoing criminal case, as it related to court's ability to function successfully).  Here, the District Court did not need to address the fee dispute to assure that Bui's Sixth Amendment right to counsel was protected.  Moreover, the need to do "complete justice," <u>id.</u>, is simply not present where Bui has already litigated and lost his claim for the return of fees paid to Giuliani in a prior state court action, and has available to him the right to appeal the state trial court's decision within the state court system.[2]

For the foregoing reasons, we will grant the Government's motion to be relieved of the requirement to file a responsive brief and summarily affirm the order of the District Court dismissing with prejudice Bui's motion seeking adjudication of his fee dispute with his former defense counsel.

---

[2] In the absence of jurisdiction, the District Court properly did not reach the merits of Bui's allegations of attorney misconduct under the local rules and state rules of professional responsibility.