**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2757
_____

UNITED STATES OF AMERICA

v.

SHEVAUN E. BROWNE,
Appellant

_____

Appeal from the District Court
of the Virgin Islands
Division of St. Thomas and St. John
(D.V.I. No. 3-12-cr-00002-001)
District Judge: Honorable Curtis V. Gomez
_____

Submitted under Third Circuit L.A.R. 34.1(a)
Dec. 13, 2018
_____

Before: CHAGARES, HARDIMAN, RESTREPO, Circuit Judges.

(Filed: April 17, 2019)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, Circuit Judge.

Appellant Shevaun Browne conspired with two other men to commit an armed robbery of a bank. A jury convicted Browne of bank robbery and conspiracy. The District Court denied his motion filed pursuant to 28 U.S.C. § 2255. We will affirm.

**I.**

On January 11, 2011, Keven Fessale and Kadeem Thomas, brandishing guns, robbed the Merchants Commercial Bank in St. John, Virgin Islands. The two men fled the scene in a blue SUV, which one of the bank employees identified as belonging to Browne.

Fessale ultimately pled guilty to his involvement in the robbery and agreed to testify against Browne and Thomas. At their trial, Fessale told the jury that Browne was instrumental in the planning of the crime. He testified that Browne provided the guns and arranged for them to use his blue SUV as the getaway car. Fessale stated that he, Browne and Thomas met later that night to count the robbery's proceeds, which were later distributed between the three men.

The government and defense counsel referenced Fessale's plea agreement at trial, during opening arguments, direct and cross examinations of Fessale, and closing and rebuttal arguments. Prior to the closings, the District Court instructed the jury that Fessale's testimony "must be considered with greater caution and care than that of the ordinary witness." SA. 604.

The jury convicted Browne of the above-cited charges. He appealed to this Court, which affirmed his judgment of sentence. Browne filed a timely § 2255 motion to

2

vacate, set aside or correct his sentence, in which he raised eleven grounds for post-conviction relief. The District Court denied the motion. Browne again appealed to this Court, which granted a certificate of appealability with respect to one of his claims: whether his counsel was ineffective for failing to request a cautionary instruction after evidence of Fessale's guilty plea was presented at trial.

**II.**

Relief under § 2255 is warranted only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and . . . 'present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

"In a [§ 2255] proceeding, we exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014) (quoting *Lambert v. Blackwell*, 134 F.3d 506, 512 (3d Cir. 1997)). Here, we review the District Court's legal conclusion that Browne's counsel was not ineffective for failing to request a cautionary instruction after the government introduced Fessale's guilty plea.

To prevail on an ineffective assistance of counsel claim, Browne must prove (1) that his counsel's errors were so serious that counsel did not function "as the 'counsel' guaranteed [to him] by the Sixth Amendment" and (2) that the deficient performance prejudiced Browne to the extent that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Regarding the deficient performance prong,

3

Browne must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessed while considering the circumstances of the case. *Id.* at 688–89. As for the prejudice prong, Browne must establish there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

It is well established that the government cannot introduce a co-conspirator's guilty plea as evidence of a defendant's guilt. *United States v. Werme*, 939 F.2d 108, 113 (3d Cir. 1991). However, the plea may be introduced, *inter alia*, to allow the jury to accurately assess the credibility of a co-conspirator's testimony or to allow the government to undermine an anticipated challenge to the co-conspirator's credibility. *United States v. Jackson*, 849 F.3d 540, 555–56 (3d Cir. 2017); *Virgin Islands v. Mujahid,* 990 F.2d 111, 115 (3d Cir. 1993). "While evidence of a guilty plea may be introduced for impeachment and other permissible purposes, the party against whom the evidence is offered is entitled to a limiting instruction upon request." *Werme*, 939 F.3d at 114. The instruction should explain that the plea is "no proof whatsoever of the defendant's guilt and must be disregarded completely when determining his guilt or innocence." *Mujahid,* 990 F.2d at 115–16. In extreme cases, the introduction of a guilty plea into evidence can be found to violate a defendant's constitutional rights. *Id.* at 116 (citing *Bisaccia v. Atty. Gen. of N.J.*, 623 F.2d 307, 313 (1980)).

In its opening statement, the government stated that Fessale would be called as a witness and that he had pled guilty to bank robbery. Browne's counsel, in his opening, also raised Fessale's guilty plea and cited the possibility that his agreement with the

4

government could facilitate his receiving a reduced sentence. During Fessale's direct examination, the government elicited testimony that he entered into a cooperation agreement. On cross examination, Browne's counsel emphasized that the agreement allowed for the government to file a motion for a lesser sentence in exchange for Fessale testifying as part of the government's case. **SA. 276, 338–39**. Thomas' counsel also cross-examined Fessale on his agreement, emphasizing that Fessale had to "convince the Government" he was telling the truth and "sell them" a version of events consistent with the other evidence in order to benefit from the plea. SA. 366–67. During closing arguments, the government made no reference to the plea agreement, whereas Browne's counsel argued that Fessale was an incredible witness who was motivated to testify against his friends to receive a more lenient sentence. On rebuttal, the government argued that Fessale confessed to his role in the robbery prior to pleading guilty, and the agreement required him to testify truthfully.

Prior to closing arguments, the District Court instructed the jury with regard to Fessale's testimony:

> You've heard the testimony from a witness who either may receive benefits from the Government in connection with this case, or was involved in the commission of offenses related to the crimes alleged against the defendants.
>
> You may give the testimony of that witness such weight as you feel it deserves. Keeping in mind that such testimony must be considered with greater caution and care than that of an ordinary witness.

SA. 604. This instruction failed to inform the jury that Fessale's plea could not serve as proof of Browne's guilt, and for this reason, the instruction was legally deficient.

5

*Mujahid*, 990 F.2d at 293. However, given the circumstances of how Fessale's plea was raised at trial, we agree that Browne cannot prove that his counsel's failure to object to the defective charge and to request a curative instruction when Fessale's guilty plea was introduced rendered his performance deficient. *See Strickland*, 466 U.S. at 689. It is undisputed that Fessale's plea was not introduced to establish Browne's guilt at trial. Instead, the plea agreement was properly raised first by the government to undermine an anticipated attack on Fessale's credibility and second by defense counsel to execute such an attack on Fessale's incriminating testimony. Moreover, the District Court's instruction, albeit defective, emphasized to the jury that Fessale's testimony should be viewed with caution, thus reinforcing Browne's own defense strategy at trial. Although counsel's objection to the Court's instruction would have had merit, the absence of one in this context does not warrant a finding that Browne was effectively deprived of counsel. Upon review of the record, we conclude that Browne cannot overcome the "strong presumption" that his counsel's failure to request a curative instruction fell outside "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Similarly, we find that Browne has not met his burden of establishing the requisite prejudice. Because the evidence of Fessale's plea agreement was not improperly introduced at trial, this case does not present a case where the specter of the guilty plea amounted to a constitutional error. Browne cannot establish that, had his counsel requested an instruction consistent with the precedent of this Court, there was a reasonable probability that the outcome of the proceeding would have been different. The government did not exploit the plea to prove Browne's guilt, and his own counsel

6

argued the plea established that Fessale was an incredible witness, which was a proper use of the evidence.  While the instruction the Court provided was indeed deficient, counsel's failure to object or request a proper instruction did not undermine confidence in the trial's outcome.  *United States v. Bui*, 795 F.3d 363, 366 (3d Cir. 2015).

## III.

Because the District Court properly found that Browne did not prove his counsel was ineffective, the denial of his motion filed pursuant to 28 U.S.C. § 2255 will be affirmed.