**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2261
_____

UNITED STATES OF AMERICA

v.

FONTAINE HORTON,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:14-cr-00104-002)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 9, 2021.

Before: AMBRO, JORDAN, and BIBAS, *Circuit Judges*

(Filed: July 22,2021)
_____

**OPINION**[*]
_____

_____

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Regrets are a fact of life. Defendants often decide to go to trial, but later wish they had not. When they are convicted and then say that they would have taken plea bargains instead, courts understandably view their claims skeptically. That is what happened here.

Fontaine Horton was arrested for dealing drugs. Before trial, the government offered him a deal. He would have to plead guilty to conspiracy to distribute meth. In return, the government would drop two other charges for dealing drugs. But there was still a chance that he could go to prison for twenty years. His lawyer, David Cherundolo, was sure that Horton would never take it. So Cherundolo did not show it to him, and he went to trial. A federal jury convicted him of conspiring to distribute drugs, he was sentenced to more than fifteen years in prison, and we affirmed. *United States v. Braddy*, 722 F. App'x 231 (3d Cir. 2017).

Horton now collaterally attacks his conviction under 28 U.S.C. §2255. By not showing him the deal, he claims, Cherundolo violated his Sixth Amendment right to effective assistance of counsel.

After a hearing, the District Court disagreed. Though Cherundolo *did* perform deficiently, that failing did not prejudice Horton. If Horton had learned of the deal, the court found, he would not have taken it. He now appeals.

To show ineffective assistance of counsel, Horton must prove both (1) that Cherundolo's representation was objectively unreasonable and (2) that his error was reasonably likely to have affected the outcome. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Horton clears the first hurdle. His lawyer "ha[d] the duty to communicate [plea] offers from the prosecution" and "allow[ ] him to consider [them]." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). Though Cherundolo did discuss some of the proposed terms with Horton, he never showed him the offer. That failure violated *Strickland*'s first prong.

But Horton cannot prove prejudice. He must show a reasonable probability that, if Cherundolo had shown him the deal, he would have taken it. *Frye*, 566 U.S. at 147; *United States v. Bui*, 795 F.3d 363, 366−67 (3d Cir. 2015). At the evidentiary hearing, Horton said he would have jumped at the deal. Yet Cherundolo insisted he would never have taken it. So the hearing boiled down to credibility: who was telling the truth?

The District Court believed Cherundolo. We review its factual finding for clear error. *United States v. Smack*, 347 F.3d 533, 537 (3d Cir. 2003). Findings of credibility and demeanor, in particular, are the province of trial judges. *Wainwright v. Witt*, 469 U.S. 412, 428 (1985).

The record supports the court's credibility finding. Horton repeatedly told Cherundolo and the court that he had made only two solo meth sales and so would not plead guilty to drug conspiracy. He doggedly denied the conspiracy, both at trial and at his ineffective-assistance hearing. Plus, his cousin was also implicated, and Horton thought that pleading guilty would hurt his cousin's defense. All this led Cherundolo to believe that Horton "would [not] have pled to a conspiracy" under any circumstances, "[e]ven if he was offered probation." JA 107.

Based on this testimony, the District Court found that Horton's testimony was an "obvious attempt to reconstruct the facts of yesterday to meet his needs today." JA 36. This

3

finding of fact was reasonable, and we defer to it. Even though Cherundolo should have shown Horton the plea offer, his failure to do that made no difference. So we will affirm.