**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1467
_____

UNITED STATES OF AMERICA

v.

CHICO JERMELL CARRAWAY,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:14-cr-00167-001)
District Judge: Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
March 24, 2022

Before: BIBAS, MATEY, and PHIPPS, *Circuit Judges.*

(Filed: April 14, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Carraway says his attorney told him that he would receive a nine-year sentence for the crimes he acknowledged in his guilty plea. But the mandatory minimums for the charges sum to ten years, and he received a sentence of 160 months. Carraway claims that his counsel was ineffective but, finding no prejudice, we will affirm the denial of his motion.

## I.

Carraway pleaded guilty to drug and firearms offenses. His plea agreement stated that he faced a mandatory minimum term of ten years' incarceration and that the court was free to impose any sentence up to the maximum penalties listed. At the plea hearing, the Government summarized these terms, again noting the mandatory minimum sentence. The Court called to Carraway's attention that the minimum sentences, at least, would be served consecutively. Yet Carraway's attorney asked for a nine-year sentence. The Court sentenced Carraway to 160 months' imprisonment.

Carraway later moved to set aside his sentence under 28 U.S.C. § 2255 arguing, among other things, that his counsel ineffectively assured him a nine-year sentence.[1] The District Court denied the motion and we granted a certificate of appealability as to whether an evidentiary hearing was necessary.[2]

---

[1] Because we find no prejudice, we do not decide whether Carraway's § 2255 motion was timely. *See Latham v. United States*, 527 F.3d 651, 653 (7th Cir. 2008).

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 2255. We have appellate jurisdiction under 28 U.S.C. §§ 1291, 2253(a), (c), and 2255(d).

**II.**

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show[ed] that [Carraway was] entitled to no relief." 28 U.S.C. § 2255(b). If a claim of ineffective assistance, taken as true, "clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing." *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (quoting *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988)). To establish prejudice, Carraway needed to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

He has not. Carraway was advised, twice, of the mandatory minimums he faced, first in the plea agreement, then at the plea hearing. On each instance, he was also informed that he could be sentenced to more, up to the statutory maximum. Counsel's alleged promise of a nine-year sentence could not reasonably have affected Carraway's decision to plead guilty in exchange for a sentence that Carraway knew, at the time of pleading, would be ten years or more. *See United States v. Shedrick*, 493 F.3d 292, 299–300 (3d Cir. 2007).

**III.**

For these reasons, we will affirm the judgment of the District Court.